UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JON HOUSER,<br><br>Plaintiff,<br><br>vs.<br><br>CORIZON, SCOTT LOSSMANN, GARTH GULICK, CATHERINE WHINNERY, GLEN BABICH, and MARK SPELICH,<br><br>Defendants. | Case No. 1:13-cv-00006-EJL<br><br>**MEMORANDUM DECISION AND ORDER**<br><br>(Dkt. 48) |

Pending before the Court is Plaintiff's Motion to Amend Complaint to Clarify Allegations and Causes of Action (Dkt. 48), seeking to replace Plaintiff's *pro se* Complaint (Dkt. 1) with an Amended Complaint, now that Plaintiff is represented by counsel. Having carefully reviewed the record, and finding no need for oral argument, the Court will decide the matter on the written motions, briefs, and record. D. Idaho L. Civ. R. 7.1(d).

**BACKGROUND**

Plaintiff filed this action on January 4, 2013 alleging that Defendants were deliberately indifferent in responding to his medical needs. The Court reviewed the

Complaint pursuant to 28 U.S.C. §§ 1915 and 1915A and allowed Plaintiff to proceed on his Eighth Amendment claims against Defendants. Initial Review Order (Dkt. 4). The Court then considered whether to dismiss some claims for failure to exhaust administrative remedies. The Court allowed Plaintiff to proceed on Counts 1, 2, 3, 4, 6, 8 and 9 of his Complaint and dismissed without prejudice Counts 5 and 7. Order (Dkt. 43).

Plaintiff now has the assistance of counsel and seeks to file an Amended Complaint. Plaintiff's counsel filed a three-paragraph memorandum to support the requested amendments, arguing only that an amended complaint will "streamline the case, clarify the allegations and causes of action, . . . and allow for a more orderly litigation of this matter." (Dkt. 49, p. 2). Defendant Mark Spelich does not object to the amendments. (Dkt. 50). However, Defendants Glen Babich, M.D., Corizon, LLC, Scott Lossmann, M.D., Catherine Whinnery, M.D., and Garth Gulick, M.D. (collectively the "Medical Provider Defendants"), oppose several of the proposed amendments. (Dkt. 51). Unfortunately, Plaintiff's counsel did not respond to the Medical Provider Defendants' opposition or substantive arguments. For the reasons set forth below, the Court will grant in part, and deny in part, Plaintiff's Motion.

## MOTION TO AMEND

### A. Standards of Law

District courts have broad discretion in supervising the pretrial phase of litigation. *See Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 607 (9th Cir. 1992). Once a district court has issued its scheduling order, a motion seeking to amend pleadings is

governed first by Federal Rule of Civil Procedure 16(b), and secondarily by Rule 15(a). *See id.* at 608. Here, Plaintiff's Motion to Amend was filed over a year after the original Complaint, but within the 120 days allowed by the Scheduling Order (Dkt. 46) to amend pleadings. As a result, Rule 15(a) controls the inquiry.

Rule 15(a) provides that, except for amendments allowed as a matter of course, "a party may amend its pleadings only with the opposing party's written consent or the court's leave [and] [t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). FRCP 15's liberal amendment policy contributes to the over-arching policy of the Federal Rules of Civil Procedure – "to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957) – by allowing parties to have an opportunity to present their best case based on claims and defenses that, for one reason or another, may have become apparent only after the pleadings have been filed.

However, a district court need not grant leave to amend where the amendment "(1) prejudices the opposing party, (2) is sought in bad faith, (3) produces an undue delay in litigation; or (4) is futile." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). In exercising its discretion with regard to the amendment of pleadings, "a court must be guided by the underlying purpose of FRCP 15 – to facilitation a decision on the merits rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). Indeed, the "Supreme Court has instructed the lower federal courts to heed carefully the command of [FRCP] 15(a) . . ., by freely granting leave to amend when justice so requires . . . ." *Gabrielson v. Montgomery Ward*

*& Co.*, 785 F.2d 762, 765 (9th Cir. 1986) (quoting *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973)).

## B. Discussion

### 1. Proposed Claims and Allegations Reiterating Dismissed Claims Should be Excluded from the Proposed Amended Complaint.

Count 5 of the original Complaint alleged deliberate indifference in Defendants Gulick and Lossman "rushing [Plaintiff] into surgery for his (L) knee before having him seen by a Mental Health provider." Dkt. 1, p. 17. Count 7 of the original Complaint alleged deliberate indifference in Defendants Gulick, Lossmann, and Spelich failing to remove Plaintiff from Hepatitis C treatment after the first MRSA outbreak. Dkt. 1, p. 17.

Paragraphs 77 and 79 of the proposed Amended Complaint repeat the same claims made in Counts 5 and 7, which the Court dismissed for failure to exhaust.[1] (Dkt. 43). Accordingly, amending the Complaint to reiterate these dismissed claims would be futile. Additionally, to the extent paragraphs 62 and 64 of the proposed Amended Complaint include factual allegations that relate solely to claims made in paragraphs 77 and 79 (recycled from dismissed Counts 5 and 7 of the original Complaint), those allegations also should be excluded from any Amended Complaint.

---

[1] Plaintiff conceded that Count 5 was unexhausted, Order (Dkt. 43, p. 10), and the Court found Plaintiff failed to exhaust Count 7. Order (Dkt. 43, pp. 14-15). Even though both counts were dismissed without prejudice, Order (Dkt. 43, p. 16), Plaintiff has not argued that he would be able to demonstrate exhaustion if he were allowed to amend his Complaint to include the dismissed counts. Thus, on the record before the Court, nothing has changed to prompt the Court to reconsider its earlier ruling that Counts 5 and 7—containing claims that are repeated in paragraphs 77 and 79 of the proposed Amended Complaint—should be dismissed.

**2. Plaintiff May Not Amend His Complaint to Add or Continue State Law Medical Malpractice Claims That Did Not go Through the Required Prelitigation Review.**

Plaintiff's attempt to allege malpractice claims against Dr. Lossmann, Dr. Whinnery, and Dr. Babich in the proposed Amended Complaint is futile because he did not undergo the required prelitigation review, and Plaintiff has not provided any argument that such review is not required. *See* Idaho Code §-1001 (requiring prelitigation consideration of personal injury and wrongful death claims and stating those proceedings are "compulsory as a condition precedent to litigation"). For the same reasons, his claims against Dr. Gulick are limited to the actual issue that underwent prelitigation review– Dr. Gulick's alleged failure to fully inform Plaintiff of the consequences of three surgeries performed between April and May of 2011. Burke Aff., Ex. A (Dkt. 52). In short, Plaintiff's Amended Complaint should include only medical malpractice claims that went through prelitigation review, a prerequisite imposed by Idaho law.

**3. The Amended Complaint May Include a Negligent Training and Supervision Claim Against Corizon.**

The Medical Provider Defendants argue that Plaintiff's third cause of action against Corizon—for negligent retention, training and supervision—fails to state a claim because Plaintiff has not identified by name any employee whose specific conduct is at issue. However, the Idaho caselaw relied upon by Defendants to support this argument deal with the requirements for establishing a genuine issue of material fact at the summary judgment and/or trial stages of proceedings. In this case, Plaintiff has not had the assistance of

counsel in obtaining discovery and crafting the case. Hence, the issue presented is whether the Complaint may be amended with the assistance of counsel now that it has passed the initial review stage. At this point in the proceedings, the Court finds amendment to include the third cause of action against Corizon is not futile, and the Court will apply its discretion and the liberal amendment policy of Rule 15 to allow the proposed amendment in this regard.[2]

## CONCLUSION

In summary, Plaintiff's proposed Amended Complaint may assert a cause of action against Corizon for negligent retention, training and supervision, and may include factual allegations stated in proposed paragraphs 62 and 64, to these extent these allegations do not relate solely to the claims raised in proposed paragraphs 77 and 79, which include claims previously dismissed by the Court for lack of exhaustion. The proposed Amended Complaint should omit paragraphs 77 and 79 because they propose futile amendments. Moreover, the proposed Amended Complaint should exclude all state law claims of medical negligence asserted against Dr. Lossmann, Dr. Babich, and Dr. Whinnery. Finally, the proposed Amended Complaint should include only the state law claim of medical negligence against Dr. Gulick related to Plaintiff's allegation that Dr. Gulick failed to fully inform Plaintiff of the consequences of three surgeries done in April and

---

[2] This does not, of course, mean that Plaintiff is excused from ultimately proving his claim on the merits, or that his third cause of action will survive a motion to dismiss or motion for summary judgment. Those questions are for another day.

May 2011. All other proposed amendments not specifically discussed in this Order are allowed.

**ORDER**

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Amend Complaint to Clarify Allegations and Causes of Action (Dkt. 48), is GRANTED, in part, and DENIED, in part, as set forth above. Plaintiff shall file an Amended Complaint on or before **September 25, 2015**. Defendants shall respond to the Amended Complaint in the ordinary course.




DATED: **September 10, 2015**

Honorable Ronald E. Bush
U. S. Magistrate Judge